UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Blimie Goldstein a/k/a Blimi Wesel, individually and on behalf of all others similarly situated,<br><br>                                  Plaintiff,<br><br>   -v.-<br><br>HOVG, LLC d/b/a Bay Area Credit Service,<br><br>                                Defendant(s). | Case. No.: 1:21-cv-3485<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Blimie Goldstein also known as Blimi Wesel (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant HOVG, LLC doing business as Bay Area Credit Service, (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.     The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as a where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, county of Kings.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with corporate headquarters at 4145 Shackleford Road, Suite 330B, Norcross, GA 30093 and an address for service of process at Corporation Service Company, 80 State Street, Albany, New York, 12207.

9. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant sent an initial collection letter;

   c. attempting to collect a consumer debt;

   d. on behalf of another;

   e. including a statement that a settlement amount must be paid by a date within 30 days of the collection letter; and

   f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether

the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ 1692e and 1692g et seq.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent

      class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.    Plaintiff repeats the above allegations as if set forth herein.

20.    Prior to March 19, 2021, Plaintiff allegedly incurred an obligation to the Original Creditor, MidHudson Emergency Physician Services, PLLC (hereinafter "MidHudson"), who is a "creditor" as defined by 15 U.S.C. § 1692a (4).

21. The obligation arose out of medical services which were incurred solely for personal purposes. The subject obligation is therefore a "debt" as defined by 15 U.S.C.§ 1692a (5).

22. Upon information and belief, MidHudson contracted the Defendant for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

23. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – March 19, 2021 Collection Letter*

24. On or about March 19, 2021, Defendant sent the Plaintiff an initial collection letter regarding the subject debt owed to MidHudson. (See Letter Attached as Exhibit A.)

25. The letter ostensibly provides the notices as required by 15 U.S.C. § 1692g regarding disputing the debt.

26. However, Defendant included additional language beyond the g-notice:

> "Our client MidHudson Emergency Physician Services, PLLC has authorized us to offer you a settlement on your accounts that have been placed for collection with Bay Area Credit Service (BACS). If you take advantage of this offer, we will settle your accounts with SEE SUMMARY on reverse side for the amount of $267.75. This is a savings to you of $114.75. This settlement amount must be paid in one payment and this offer is valid until 04-08-21. We are not obligated to renew this offer."

27. Defendants violated §§ 1692(e) and (g) by including a settlement offer that overshadowed Plaintiff's debt validation rights under 1692(g) because it coerced Plaintiff to pay off the

debt rather than enforce her rights to have the debt validated, and in the event that it could not be validated, extinguished altogether.

28. This plainly encourages Plaintiff to overlook her statutory debt validation rights because it induces Plaintiff to take advantage of the reduced settlement offer prior to the expiration of the 30-day debt validation window.

29. Plaintiff would be coerced into believing that she had one of two choices – either accept the settlement offer and forgo her right to challenge the debt, or challenge the debt and give up the settlement offer altogether.

30. The least sophisticated consumer would be tempted to just "take the offer and run" instead of exercising her rights to have the debt validated.

31. In this way, Plaintiff is induced to overlook her statutory debt validation rights, and the collection letter is clearly designed to do exactly that.

32. The least sophisticated consumer is especially vulnerable to this kind of ploy. In many instances, consumers who are behind on their payments face insurmountable odds, *e.g.,* loss of employment, divorce, *etc.*, and dealing with a scarcity of resources, will often choose the path of least resistance.

33. In this case, that means accepting an offer to pay a reduced settlement rather than challenging the debt, therefore inducing the consumer to overlook her debt validation rights.

34. Absent from the Letter is an explanation that the consumer would still have the ability to challenge the debt if she accepted the offer to settle, or that accepting the settlement offer would not foreclose the ability to request debt validation.

35. Therefore, Defendant is essentially "demanding payment" within the 30-day debt validation period because Plaintiff is being offered a settlement that would expire prior to the deadline for validating the debt under 1692g.

36. Plaintiff would have been able to make an educated decision whether to dispute the debt or pay if she were provided an appropriate g-notice.

37. Plaintiff was unable to properly evaluate her options of how to handle this collection letter and the underlying debt.

38. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

39. Defendant's collection efforts with respect to this alleged debt from Plaintiff effectively stripped Plaintiff of her right to dispute the validity of the debt and caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to dispute the validity of the debt.

40. Defendant's deceptive, misleading and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately determine how to dispute the debt without risking a law suit.

41. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond to or handle Defendant's debt collection.

42. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

43. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

44. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

45. Plaintiff repeats the above allegations as if set forth herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

47. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48. Defendant violated said section by misrepresenting the status of the debt, in violation of § 1692e (2)(A).

49. Additionally, Defendants violated said section by deceptively and/or misleadingly providing additional language beyond the g-notice language which served to strip Plaintiff of her right to dispute the validity of the debt, in violation of § 1692e (10).

50. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g** *et seq.*

51. Plaintiff repeats the above allegations as if set forth herein.

52. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

53. Pursuant to 15 U.S.C. § 1692g:

a. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;
2. The name of the creditor to whom the debt is owed;
3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
4. A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Disputed Debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any

> portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. <u>Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.</u>

54. Defendant violated this section by providing language in the Letter that overshadowed and/or was inconsistent with the disclosure of the consumer's right to dispute the debt, thereby violating §1692g (b).

55. In addition, Defendant violated § 1692(a) by effectively failing to provide the requisite g-notice.

56. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

57. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Blimie Goldstein a/k/a Blimi Wesel, individually and on behalf of all others similarly situated, demands judgment from Defendant HOVG, LLC doing business as Bay Area Credit Service as follows:

    i.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

    ii.    Awarding Plaintiff and the Class statutory damages;

    iii.    Awarding Plaintiff and the Class actual damages;

    iv.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    v.    Awarding pre-judgment interest and post-judgment interest; and

    vi.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 21, 2021

Respectfully Submitted,

**Stein Saks, PLLC**
**/s/ Tamir Saland**
Tamir Saland, Esq.
285 Passaic Street
Hackensack, NJ, 07601
P. (201) 282-6500 ext. 122
F. (201) 282-6501
tsaland@SteinSaksLegal.com
*Attorneys for Plaintiff*